The Hon. Martha Ezzard State Representative 15 Cherry Vale Road Englewood, CO 80110
Dear Representative Ezzard:
QUESTION PRESENTED AND CONCLUSION
I am writing in response to your May 16, 1979 request for an opinion on the legality of a political subdivision offering a building it owns as collateral on a lease agreement for a solar retrofit.
 It is my opinion that such a lease agreement, while not prohibited by state law, does involve the creation of public indebtedness, and would therefore require an affirmative vote of a majority of the registered electors of a political subdivision.
ANALYSIS
C.R.S. 1973, 31-15-801 and C.R.S. 1973, 22-32-127, as amended, provide that municipalities and school districts respectively, may enter into rental or leasehold agreements. By the specific provisions of the statute, the obligation upon such rentals does not constitute an indebtedness of said entity within the meaning of the constitutional limitations on contracting of indebtedness set forth in article XI, section 6 of the Colorado Constitution, as codified in C.R.S. 1973, 31-15-302(d)(II). That statute provides in pertinent part,
 No debt shall be created, except in supplying water, unless the question of incurring the same is submitted, at a regular or special election of the municipality, to the registered electors thereof as defined by "Colorado Municipal Election Code of 1965" and a majority of the registered electors voting upon the question vote in favor of creating such debt.
"Debt" must be defined depending upon the context and general subject, but in its broadest terms, a debt is an obligation where a judgment may be recovered for its amount. Shields v. Cityof Loveland, 74 Colo. 27, 218 P. 913 (1923); Reimer v.Holyoke, 93 Colo. 571, 27 P.2d 1032 (1933).
SUMMARY
It is my opinion that, where a public building could become the property of the lessor in the event of the governmental entity's default on a lease agreement for a solar retrofit, the encumbrance upon said building is a debt within the meaning of C.R.S. 1973, 13-15-302, and the question of such security agreement must be submitted to the qualified electors of the political subdivision.
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
STATE DEBTS COUNTIES MUNICIPAL CORPORATIONS LANDLORD AND TENANT PUBLIC BUILDINGS
C.R.S. 1973, 31-15-801
C.R.S. 1973, 22-32-127
C.R.S. 1973, 13-15-302
Colo. Const. art. XI, § 6
LEGISLATIVE BRANCH House of Representatives
Where a political subdivision enters into a lease agreement which provides that a public building is collateral to secure a possible default, the security agreement must be approved by the qualified electors of the political subdivision.